UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Homes Development Corp., and
1031 Realty Trust, LLC</u>,

    v.

<u>Edmund & Wheeler, Inc., Edmund
& Wheeler Exchange Services, LLC</u>,
<u>O'Toole Enterprises, LLC, John D.
Hamrick, Mary O'Toole, Timothy
Burger, and Chris Brown</u>,

Case No. 21-cv-0633-SM
Opinion No. 2022 DNH 120

## **O R D E R**

Plaintiffs seek a prejudgment attachment on defendants' respective property in the amount of $4,100,000. New Hampshire law applies. Fed. R. Civ. P. 64. Defendants have contested plaintiffs' petition and are entitled to, but did not request, a hearing on the petition. N.H. Rev. Stat. Ch. 511-A:3. Given the circumstances, it seems a hearing would be redundant. The rules of evidence are not binding in an attachment hearing, the parties have already made thorough evidentiary proffers in their briefs, and would be expected to reiterate those proffers and argument in court, and nothing relevant to the issue is unaddressed. The record discloses no apparent reason not to rely upon the papers filed in resolving the matter.[1]

---

[1] Defendants would bear the burden of proof at a hearing to establish that their respective assets would be sufficient to satisfy any judgment with interest and costs that plaintiffs are reasonably likely to recover. RSA 511-A:3. Defendants do not

It is the plaintiffs' burden to justify an attachment by making "a strong preliminary showing that he or she will ultimately prevail on the merits and obtain judgment in the requested amount."  Diane Holly Corp. v. Bruno & Stillman Yacht Co., 559 F. Supp. 559, 561 (D.N.H. 1983).  "[T]his showing must be established by proof greater than proof by a mere preponderance of the evidence."  Id.

Plaintiffs have not, and cannot, meet that burden. Plaintiffs essentially bring claims sounding in fraud, misrepresentation, deceit, and unfair business practices under various common law and statutory causes of action.  Defendants generally interpose contractual defenses — invoking contract provisions that define what relationship they had, and did not have, with plaintiffs, and they strongly contest necessary elements of plaintiffs' claims related to knowledge, intent, duty, statements allegedly made, and agreements allegedly entered into or inferred, thus making it clear that there are credibility issues, and perhaps even material factual disputes, that must be resolved in plaintiffs' favor (or shown to be one-sided), before it could be said that they have shown a strong

---

seek to do so in their pleadings, so would not be expected to pursue that defense at a hearing.

likelihood of succeeding on the merits <u>and</u> obtaining a judgment in the requested amount.  As the record stands, it cannot be said that plaintiffs have even shown a likelihood of success by a preponderance.  Pending review of factual disputes for materiality on summary judgment, or resolution at trial, success on the merits of plaintiffs' claims is largely dependent upon credibility issues.

That is not to say that plaintiffs have not adequately pled some claims upon which (depending on a jury's perspective) they might prevail, but only that those claims at this stage "could succeed."  Plaintiffs have not made a <u>strong</u> preliminary showing they likely <u>will</u> succeed on the merits, nor that they are reasonably likely to obtain judgment in the suggested amount.

## Conclusion

The petition to attach with notice (doc. no. 25) is necessarily denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 29, 2022

cc:  Counsel of Record

3